# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America**

    v.                                           Case No. 23-cr-00112-PB-AJ-1

**Charles Glenn**

## ORDER

Charles Glenn has been charged in this Court with transmitting a threatening interstate communication in violation of 18 U.S.C. § 875(c) and mailing a threatening communication in violation of 18 U.S.C. § 876(c). Doc. 17. His trial on those charges is scheduled to commence on February 3, 2026, see Doc. 130, pending which he is detained in federal custody at Strafford County Department of Corrections pursuant to an agreement with the United States Marshals Service.

Glenn has filed a civil lawsuit in Strafford Superior Court challenging the conditions of his pretrial confinement, naming as defendants several state officials and one federal official. That court has since issued a writ of habeas corpus ad prosequendum requesting Glenn's presence at a preliminary hearing on his complaint scheduled for January 23, 2026.

Although Glenn's filings in his civil case do not acknowledge as much, despite being housed in a state facility, he is presently under the custody of the U.S. Marshals as a federal pretrial detainee. This Court must therefore accede to his temporary transfer, as a state court cannot unilaterally compel a federal official to relinquish custody of a detainee. See Ableman v. Booth, 62 U.S. (21 How.) 506, 524 (1858); see also United States v. Segal, 2017 WL 3707389, at *2 (D. Mont. Aug. 28, 2017). And in the important interest of comity with my colleagues on the state court, I would ordinarily make every effort to accommodate such a request.

Here, however, unique considerations counsel otherwise. Glenn's lawsuit exclusively alleges grievances arising from his federal custody, many of which relate to issues he has already and repeatedly raised to this Court under seal. Indeed, this Court has actively supervised Glenn's detention pending his trial and attempted to address his concerns. Under these circumstances, until his federal proceedings have concluded, it would not be appropriate to require federal officials to relinquish custody of Glenn.

I additionally note that, as a pretrial detainee, Glenn is subject to the exhaustion requirements of the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(h); Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) ("Pretrial detainees are 'prisoners' for purposes of the PLRA because they are in custody while 'accused of . . . violations of criminal law.'"). Glenn should

accordingly raise his concerns through any grievance procedure available to him at Strafford County. Cf. U.S. Marshals Serv., Fed. Performance Based Det. Standards § G.10 (2025). To the extent that his claims are not resolved by that process, he may then raise them with this Court.

In sum, under these unusual circumstances of this case, I decline Strafford Superior Court's request for Glenn's presence. Once Glenn's federal criminal proceedings have concluded, he will be returned to state custody.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

January 21, 2026

cc: Counsel of Record
U.S. Marshal