UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) No. 1:23-cr-00112-PB-AJ |
| CHARLES GLENN | )<br>) |
| Defendant | )<br>)<br>) |

**UNITED STATES' MOTION IN LIMINE TO ADMIT EVIDENCE THAT VICTIM 1 KNEW OF THE DEFENDANT'S PRIOR CRIMINAL CONVICTION**

The United States moves *in limine*, and pursuant to Federal Rule of Evidence 404(b), to introduce evidence at trial that the alleged victim knew of Charles Glenn's prior conviction for second degree murder. The evidence is probative of the key issue in the case: how a reasonable recipient of Glenn's alleged threats would perceive them and whether Glenn consciously disregarded a substantial risk that his communications would be viewed as threatening. The probative, non-propensity value of the evidence is significant and not substantially outweighed by the danger of unfair prejudice. Accordingly, the evidence should be admitted.

## BACKGROUND

On August 21, 2024, Charles Glenn was charged by superseding indictment with one count of transmitting a threatening interstate communication, in violation of 18 U.S.C. § 875(c), and one count of mailing a threatening communication, in violation of 18 U.S.C. § 876(c). ECF No. 17. Both alleged threats relate to communications Glenn made to his attorney, Victim 1, while serving a 40-year sentence in New Hampshire State Prison for second degree murder.

Count 1 of the superseding indictment alleges that Glenn called Victim 1 from a prison telephone and stated, "I'm going to get one of your kids killed." *Id*. Count 2 alleges that Glenn

1

caused the Postal Service to deliver a letter to Victim 1 containing a threat to injure Victim 1's child.

The government expects to introduce at trial a recorded jail call between the defendant and Victim 1. In the recording, Victim 1 advises that Victim 1 is withdrawing from representing defendant. Defendant responds: "F*** you. And I'm going to get one of your kids killed. That's good for you. Go f*** yourself. Watch who wins in the end you dumb b****." The government also expects to introduce a letter mailed by the defendant and date-stamped the same day as the recorded jail call. The letter enclosed a copy of a legal opinion involving the murder of child. The defendant annotated the opinion in his own handwriting, stating: "Wow where was that child's 'mother'!!!!" and "It's a disgusting situation, But I blame it on the 'mom' She could have prevented this Tradgedy!!"

The government intends to call Victim 1 at trial. At the time of the alleged threats, Victim 1 was an attorney representing the defendant in a habeas corpus proceeding related to his murder conviction. Thus, at the time of the alleged threats, both the defendant and Victim 1 knew of the conviction. Moreover, the defendant knew that Victim 1 was aware of his conviction.

## DISCUSSION

Evidence of a prior conviction is admissible "if the evidence survives two related tests. First, it must overcome the absolute bar of Fed. R. Evid. 404(b), which excludes evidence of a past bad act where it is relevant *only* because it shows bad character . . . Second, it must also survive scrutiny under Fed. R. Evid. 403, which excludes even evidence that is relevant through allowable chains of inference where the probative value of that evidence is 'substantially outweighed' by the risks of prejudice, confusion, or waste of time." *United States v. Ferrer-*

*Cruz*, 899 F.2d 135, 137–38 (1st Cir. 1990) (emphasis in original). Evidence that Victim 1 knew of Glenn's prior conviction passes both tests.

1. **Evidence that Victim 1 knew of Glenn's prior conviction is not offered to show bad character. It is offered to show that Glenn possessed the mens rea required for the charged offenses.**

"Rule 404(b) is a rule of inclusion, not exclusion." *United States v. Carty*, 993 F.2d 1005, 1011 (1st Cir. 1993). The rule "allows the introduction of evidence of other crimes, wrongs, or acts *unless* the evidence tends to *only* prove criminal disposition." *United States v. Fields*, 871 F.2d 188, 196 (1st Cir. 1989) (emphasis added). Here, evidence of Glenn's murder conviction is relevant to prove a required element of each charged offense.

Glenn is charged with two counts of making threats: one transmitted in interstate commerce (by phone) and the other by mail. The charged offenses "differ only with regard to the manner in which the threat is communicated." *United States v. Santoro*, 359 F. Supp. 3d 122, 128 (D. Me. 2019). Both require a threat. "A threat is a communication that a reasonable recipient familiar with the context of the communication would find threatening." *United States v. Cantwell*, 64 F.4th 396, 402 (1st Cir. 2023). Relatedly, "words threatening physical harm may violate federal criminal law; provided, however, that the speaker knows well enough how his words are likely to affect his target audience." *United States v. Oliver*, 19 F.4th 512, 514 (1st Cir. 2021). The Supreme Court has clarified that, to prove a violation of 875(c), the government must prove that the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening. *Counterman v. Colorado*, 600 U.S. 66, 80 (2023).

Victim 1's knowledge of Glenn's prior conviction is probative of whether Glenn's communications were "true threats" and whether he acted with the mens rea required for conviction. Clearly, a threat of violence made by a convicted murderer to a recipient who knows

he is a convicted murderer increases the likelihood that the recipient will find the communication threatening. Common sense dictates that a threat of violence made by a convicted murderer will be received differently than the exact same threat made by a cub scout. Similarly, Glenn, who knew Victim 1 was aware of his criminal past when he made the alleged threats, would know that there was a substantial risk that his words would be more likely to be perceived as threatening by someone aware of his criminal past than by someone who was not.

The Second Circuit's decision in *United States v. Sovie,* 122 F.3d 122, 126 (2d Cir. 1997) is instructive. In *Sovie*, the appellant had been convicted of violating 875(c) based on threats he made to his girlfriend over the phone. *Sovie*, 122 F.3d at 124. At trial, the district court allowed two of the defendant's ex-wives to testify regarding prior, uncharged, physical abuse they suffered during their marriages to the defendant. *Id*. at 126. The Second Circuit affirmed the admission of the prior bad acts testimony because the victim of the charged offenses "testified that [the defendant] had informed her of his abuse of his prior wives." *Id*. The fact that the victim knew of the prior abuse made the prior bad acts testimony probative of a "critical element" of the charged offense: whether the victim "reasonably perceived [defendant's] phone calls as true threats." *Id*. The same logic applies here. In this case, Victim 1's knowledge of the defendant's murder conviction is probative of whether Victim 1 perceived the charged communications as true threats. Evidence of this "critical element" should not be excluded.

Because Glenn's conviction is relevant to both how his words would be viewed by a reasonable recipient, and whether Glenn consciously disregarded a substantial risk that his words would be viewed as threatening, it passes the first test for admission.

### 2. The probative value of the evidence is not substantially outweighed by its prejudicial effect.

Rule 403 requires a balancing of probative value and prejudicial effect. Specifically, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. "When assessing the probative value of evidence under Rule 403, a court must consider both whether the evidence has been offered to prove an issue that is in genuine dispute, and whether the evidentiary point can be made with other evidence that does not present a risk of unfair prejudice." *United States v. Henry*, 848 F.3d 1, 9 (1st Cir. 2017).

There is no doubt that evidence of the defendant's prior conviction presents some danger of unfair prejudice. But that does not mean it should be excluded. It may only be excluded if that danger substantially outweighs the probative value. That is not the case.

To be sure, in most cases, evidence of a prior conviction for second degree murder would not pass the 403 balancing test. But this is a threat case. For reasons stated above, both charged offenses turn on how a reasonable recipient would perceive the alleged threat and whether the defendant consciously disregarded a substantial risk that his communications would be perceived as threatening. Without question, threats to a parent to kill or harm that parent's child are substantially more likely to be perceived as real when made by a convicted murderer than when they are not. Moreover, a convicted murderer knows there is a greater risk that the recipient will perceive his threats as real. The difference in perception holds even among threats made by felons with differing criminal histories. For example, a convicted murderer and a convicted tax evader are both felons. Both may be incarcerated as a result. But the effect of an incarcerated tax evader telling a parent that he is "going to get one of your kids killed" is unlikely to be the same as it would if the same words were communicated by a convicted murderer. That difference is

particularly meaningful in this case where the evidence of the alleged threats is likely to be irrefutable. The alleged threat at the core of count one was audio recorded. The alleged threat at the core of count two was hand written by Glenn and delivered in an envelope bearing his name and return address. If the audio and letter are admitted, there will be no doubt about what Glenn said to Victim 1. The only conceivable defense will be that Glenn lacked the mens rea required. The fact that Glenn communicated threats of violence as a convicted murder—and knowing that the recipient was aware of his conviction—weighs heavily on whether Glenn consciously disregarded a substantial risk that his communications would be perceived as threatening. Because evidence of Glenn's prior conviction is highly probative of a critical element of the charged offenses, its probative value is not substantially outweighed by the danger of unfair prejudice.

## CONCLUSION

For the foregoing reasons, evidence of the defendant's prior conviction for second degree murder should be admitted.

Dated: January 27, 2026

        Respectfully submitted,

        ANDREW B. BENSON
        United States Attorney
        District of Maine

By:   */s/ Sean M. Green*
        Sean M. Green
        Special Attorney to the United States Attorney General
        Acting Under Authority Conferred by 28 U.S.C. § 515

        United States Attorney's Office
        100 Middle Street, East Tower, 6th Floor
        Portland, ME 04101
        Sean.Green2@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on January 27, 2026, I filed the above motion by ECF, thereby causing service to be made on defendant's counsel.

      By:    */s/Sean M. Green*
              Sean M. Green